# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>**36th JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.**<br>20- -CZ<br>O70659 |
|---|---|---|

**Court address**
Courthouse, 2nd Floor, 212 E. Paw Paw Street, Paw Paw, MI 49079

**Court telephone no.**
616-632-5220

| Plaintiff's name(s), address(es), and telephone no(s).<br>BRUCE L. CORWIN and SANDRA L. CORWIN, individually, both of 2326 Amherst Ave., Kalamazoo, MI 49008, GEORGE H. NEWELL, an individual, of 1721 Nichols St., Kalamazoo, MI 49006, and JACQULINE THOMPSON, an individual, of 2043 S. LaSalle Gardens, ~~Detroit, MI 48206, and for all those similarly situated~~ | v | Defendant's name(s), address(es), and telephone no(s).<br>VAN BUREN COUNTY, a governmental unit<br>212 E. Paw Paw Street, Paw Paw, MI 49079<br><br>and<br><br>TRISHA NESBITT as Treasurer of Van Buren County<br>219 E. Paw Paw Street, Suite 101, Paw Paw, MI 49079 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Donald R. Visser (P27961)<br>VISSER AND ASSOCIATES, PLLC<br>2480 44th Street, SE, Suite 150, Kentwood, MI 49512<br>(616) 531-9860 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>12/21/2020 | Expiration date*<br>3/21/2021 | Court clerk<br>Suzie Roehm |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**PROOF OF SERVICE**

| SUMMONS |
| --- |
| Case No.   20-                    -CZ |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE**  OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>**36th JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.**<br>20-        -CZ<br>070659 |
|---|---|---|

**Court address**
Courthouse, 2nd Floor, 212 E. Paw Paw Street, Paw Paw, MI 49079

**Court telephone no.**
616-632-5220

| Plaintiff's name(s), address(es), and telephone no(s).<br>BRUCE L. CORWIN and SANDRA L. CORWIN,<br>individually, both of 2326 Amherst Ave., Kalamazoo, MI<br>49008, GEORGE H. NEWELL, an individual, of 1721<br>Nichols St., Kalamazoo, MI 49006, and JACQULINE<br>THOMPSON, an individual, of 2043 S. LaSalle Gardens,<br>~~Detroit, MI 48206, and for all those similarly situated~~ | v | Defendant's name(s), address(es), and telephone no(s).<br>VAN BUREN COUNTY, a governmental unit<br>212 E. Paw Paw Street, Paw Paw, MI 49079<br><br>and<br><br>TRISHA NESBITT as Treasurer of Van Buren County<br>219 E. Paw Paw Street, Suite 101, Paw Paw, MI 49079 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Donald R. Visser (P27961)<br>VISSER AND ASSOCIATES, PLLC<br>2480 44th Street, SE, Suite 150, Kentwood, MI 49512<br>(616) 531-9860 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>12/21/2020 | Expiration date*<br>3/21/2021 | Court clerk<br>Suzie Roehm |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                                                           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS |
| --- | --- |
| | Case No.   20- 070659    -CZ |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____     Signature: _____
Date                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on     January 5, 2021
Day, date, time

_____ on behalf of     Defendants

_____
Signature

STATE OF MICHIGAN

IN THE 36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN
* * * * *

BRUCE L. CORWIN, an individual, SANDRA
J. CORWIN, an individual, GEORGE H.
NEWELL, an individual, and JACQULINE
THOMPSON,, an individual, for themselves and
all those similarly situated,

        Plaintiffs,

-vs-

VAN BUREN COUNTY, a Governmental
Unit, and TRISHA NESBITT, as Treasurer of
Van Buren County,

        Defendants.

Case No. 20-                -CZ
        070659

HON.

**CLASS ACTION**

---

VISSER AND ASSOCIATES, PLLC
Donald R. Visser (P27961)
Donovan J. Visser (P70847)
Brittany Dzuris (P81438)
Attorneys for Plaintiffs
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860

---

## COMPLAINT

      COME NOW Plaintiffs, BRUCE L. CORWIN, SANDRA J. CORWIN, GEORGE H.

NEWELL, and JACQULINE THOMPSON, individually and on behalf of a class of similarly

situated individuals and entities, by and through counsel, VISSER AND ASSOCIATES, PLLC

and for Plaintiffs' causes of action against the Defendants state as follows:

### PARTIES

      1.    Plaintiffs Bruce L. Corwin and Sandra J. Corwin are presently residents of

Kalamazoo, Michigan.

2.     Plaintiff George H. Newell is presently a resident of Kalamazoo, Michigan.

3.     Plaintiff Jacquline Thompson  is presently a resident of Detroit, Michigan

4.     Defendant Van Buren County ("Defendant County") is a governmental unit in the State of Michigan governing the political body known as Van Buren County ("County").

5.     Trisha Nesbitt ("Treasurer") is the Treasurer of Van Buren County.

6.     Trisha Nesbitt was the Treasurer of the County at the time relevant to the facts involved in this lawsuit.

7.     Treasurer is the Foreclosing Governmental Unit of the County pursuant to the General Property Tax Act, MCL § 211.78(8).

8.     Prior to the tax foreclosure referenced below, Plaintiffs were the owners of real property in Van Buren County.  Each Plaintiff's property is set out on Exhibit 1 by common address and Parcel Number ("Subject Property").

9.     Each class member similarly owned real property in the County.

## JURISDICTION

10.     This is a civil action seeking, amongst other relief requested, unpaid "just compensation" for violations of Michigan's Constitution and of the Fifth and Fourteenth Amendments to the United States Constitution (hereinafter "Fifth Amendment" and "Fourteenth Amendment" respectively).

11.     Plaintiffs seek damages in excess of $25,000.00 as well as equitable relief.

12.     This Court has jurisdiction of this dispute pursuant to MCL 600.601(1) MCL 600.605, as well as MCL 600.151.

13.     Venue is appropriate in this County since the property is physically located in this County and the Defendants are either a municipal unit of government located in the County or an officer of said municipal unit.

2

## THE TAX FORECLOSURE

14.     Defendants caused Plaintiffs' interest in the Subject Properties, and class members' interest in their properties, to be foreclosed pursuant to the General Property Tax Act ("GPTA") as a result of delinquent taxes unpaid assessments, fees, penalties and/or interest (the real properties owned by Plaintiffs and class members are hereinafter referred to as "Foreclosed Properties").

15.     At the time of the tax foreclosure, Plaintiffs and class members owed some amount for delinquent taxes and/or assessments, interest, penalties, and fees reasonably related to the foreclosure and sale of the Foreclosed Properties ("Owed Amount").

16.     Following the tax foreclosure, the Treasurer, on behalf of Defendant County, directed, implemented, or gave instructions that the Foreclosed Properties be sold at auction.

17.     The Treasurer, on behalf of Defendant County, sold the Foreclosed Properties.

18.     Upon information and belief, the Treasurer, on behalf of Defendant County, received proceeds exceeding the Owed Amount as a result of the sale at auction.

19.     Upon information and belief, the net amount received by the Treasurer on behalf of Defendant County at the auction sale exceeded the Owed Amount by the amounts listed on Exhibit 1 ("Surplus Proceeds").

20.     Similarly, the amount received by the Treasurer on behalf of Defendant County when it sold class members' properties, exceeded the Owed Amount for each class member's property creating Surplus Proceeds as to each class member's property.

21.     Defendants retained the Surplus Proceeds.

22.     Upon information and belief, the Surplus Proceeds were deposited into the Defendant County's General Fund account.

3

23.     Upon information and belief, Defendants have derived investment income from the retention of the Surplus Proceeds.

24.     Plaintiffs and class members maintain a common law right to the Surplus Proceeds.

25.     Plaintiffs and class members have a vested right and interest in the Surplus Proceeds.

26.     Pursuant to the decision of the Michigan Supreme Court in *Rafaeli LLC v Oakland County*, __Mich __, __NW2d__ (2020) ("*Rafaeli*"), Plaintiffs and class members are entitled to the Surplus Proceeds.

27.     Defendants' retention of Plaintiffs' and class members' Surplus Proceeds constitutes a taking under Article 10, § 2 of Michigan's 1963 Constitution as well as the United States Constitution.

28.     Defendants' retention of earnings or interest on the Surplus Proceeds constitutes another taking Article 10, § 2 of Michigan's 1963 Constitution as well as the United States Constitution.

29.     The Surplus Proceeds are property owned by Plaintiffs and class members.

30.     Defendants have not afforded Plaintiffs and class members any mechanism or process to seek or obtain their Surplus Proceeds.

31.     Plaintiffs and class members are entitled to immediate turnover of the Surplus Proceeds, together with the earnings or interest earned on the Surplus Proceeds by the County.

32.     Plaintiffs demanded turnover of the Surplus Proceeds as evidenced by the attached **Exhibit 2**.

33.     Despite demands for same, Defendants have refused to turn over Plaintiffs' Surplus Proceeds and interest earned.

4

34.    After the issuance of the *Rafaeli* decision by the Michigan Supreme Court, Defendants' retention of Plaintiffs' and class members' property is not an activity that is expressly or impliedly mandated or authorized by the Federal or State Constitution, statute, local charter or ordinance, or other law.

35.    Defendants' retention of Plaintiffs' and class members' Surplus Proceeds and the interest earned thereupon is not an action or activity undertaken by Defendants while engaged in the exercise of discharge of a governmental function.  Rather, the retention of Plaintiffs' and class members' property is contrary to the mandates of common law and the Michigan and Federal Constitutions.

36.    Defendants' retention of Plaintiffs' and class members' Surplus Proceeds and the interest earned thereupon after the Defendants became aware of the *Rafaeli* decision, constitutes either intentional misconduct or gross negligence which is the proximate cause of Plaintiffs' and class members' damage.

37.    After issuance of the *Rafaeli* decision, Defendants' retention of Plaintiffs' and class members' property was clearly not within the scope of activity authorized by the State or Federal Constitution, statute, local charter charger or ordinance, or other law.

38.    Following issuance of the *Rafaeli* decision, Defendants' retention of Plaintiffs' and class members' property is outside of the scope of governmental immunity.

39.    Defendants' retention of Plaintiffs' and class members' Surplus Proceeds is done so that Defendant County can use the Surplus Proceeds for its own use and for the purpose of earning interest or investment income.

40.    The earning of interest or investment income is an activity which is conducted primarily for the purpose of producing a pecuniary profit for Defendant County.

41.     The foreclosure of the Foreclosed Properties was a voluntary activity undertaken by the Defendants as clarified in MCL § 211.78(6).

42.     Defendants' actions, as described in this Complaint, constitute a voluntary practice, policy, or custom of the Defendants.

43.     Defendants' actions, as described herein, were undertaken pursuant to an official County policy thereby permitting Plaintiffs' and class members' claims for liability against governmental units and others claiming immunity as set forth in *Monell v New York City Department of Social Services*, 436 US 658, 98 S Ct 2018 (1978) and its progeny.

44.     Defendants' actions after the issuance of the *Rafaeli* decision were undertaken in willful and wonton disregard of Plaintiffs' and class members' property rights.

### CLASS ALLEGATIONS

45.     This action is brought by Plaintiffs individually and on behalf of the owners/former owners of real property in Van Buren County who had their real property foreclosed by the County or County Treasurer for unpaid real property taxes, penalties, interest or assessments which resulted in the denial of due process, unconstitutional taking of their Surplus Proceeds, or the unjust enrichment of the County, but excluding any person or entity that has filed their own post foreclosure action in state or federal court.

46.     The proposed class consist of all owners/former owners of real property in the County whose property was tax foreclosed by the County during the relevant time period and whose property sold for more than the total tax delinquency as defined in *Rafaeli v County of Oakland* decision of the Michigan Supreme Court on July 17, 2020 and to whom the County has not refunded the Surplus Proceeds.   Hereinafter the proposed class with be referred to as the "Class".

47.    Plaintiffs' claims are typical of, and common to, those raised by the Class the Plaintiffs seek to represent, including the following:

    a.    Whether each class member's property sold for more than the Owed Amount;

    b.    Whether the Defendants took each class member's Surplus Proceeds;

    c.    Whether the Surplus Proceeds were retained by for the benefit of Defendant County;

    d.    Whether the Surplus Proceeds earned interest or other pecuniary return for the benefit of Defendant County;

    e.    Whether the Defendants retained the interest or other return earned on the Surplus Proceeds for the benefit of the Defendants;

    f.    Whether the Defendants failed to turn over the Surplus Proceeds to the class members after the Supreme Court issued its decision in *Rafaeli*;

    g.    Whether the Defendants have been unjustly enriched;

    h.    Whether the Defendants converted the Surplus Proceeds;

    i.    Whether Defendants converted the Surplus Proceeds to their own use; and

    j.    Whether the Defendants have been exercising discretion to administer MCL 211.78.

48.    Plaintiffs' claims raise questions of law that are typical of, and common to, those raised by the Class the Plaintiffs seek to represent, including the following:

    a.    Whether the Michigan Supreme Court's decision in *Rafaeli* confirms a common law right to the Surplus Proceeds;

7

b.     Whether the Michigan Supreme Court's decision in *Rafaeli* that MCL § 211.78m cannot prohibit the return of Surplus Proceeds to the class members is binding on the Defendants in this matter;

c.     Whether the Defendants committed an unconstitutional taking by failing to turn over to the class members the Surplus Proceeds;

d.     Whether the Defendants committed an unconstitutional taking by failing to turn over to the class members all income earned by retention of the Surplus Proceeds in violation of either Article X, Section 2 of the Michigan Constitution or the Fifth and Fourteenth Amendments to the Unites States Constitution;

e.     Whether the Defendants are liable for treble damages and attorney fees pursuant to MCL 600.2919a by failing to turn over the Surplus Proceeds promptly after the *Rafaeli v Oakland County* decision was released by the Michigan Supreme Court on July 17, 2020;

f.     Whether Defendants deprived the class members of substantive due process by seizing their Surplus Proceeds;

g.     Whether the Defendants deprived the class members of procedural due process rights by refusing to provide them with any meaningful manner of seeking return of the Surplus Proceeds; and

h.     Whether the actions of the Defendants constitute a violation of the provisions of MCL 600.2919a; and

i.     Whether the Defendants have been unjustly enriched by the retention of the Surplus Proceeds belonging to the class members.

49.     The violations of Plaintiffs' rights and the resulting harms incurred by the Plaintiffs are typical of the violations and harm incurred by all class members.

50.     Defendants have acted in a similar manner against the Plaintiffs and all members of the Class.

51.     A class action will be superior to other available methods of adjudication of the facts and legal issues presented and will promote the convenient administration of justice, and prevent possible inconsistent or varying  adjudications with respect to individual members of the Class as well as the Defendants.

52.     Plaintiffs will fairly and adequately represent and protect the interest of the members of the Class and will vigorously prosecute the suit on behalf of the Class; Plaintiffs are represented by highly experienced counsel.

## COUNT I – TAKINGS CLAIM

53.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

54.     Defendants have taken Plaintiffs' property without just compensation in violation of Article X, § 2 of the Michigan Constitution.

55.     Defendants have not paid, and despite demand made after the *Rafaeli* decision, will not pay just compensation.

56.     Plaintiffs are entitled to maintain this action as an action for inverse condemnation (see *Electro-Tech, Inc v HF Campbell Co*, 433 Mich 57, 445 NW2d 61 (1989)).

57.     Not only did the Defendants take Plaintiffs' Surplus Proceeds, but retention of interest earned or pecuniary gain on the invested/deposited Surplus Proceeds constituted an additional taking for which Plaintiffs are entitled to compensation.

58.     In the alternative, Plaintiffs should also be awarded interest from the date of the foreclosure sale until the filing of this complaint.

9

## COUNT II –CONVERSION

59.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

60.     Defendants' failure to turn over Plaintiffs' Surplus Proceeds promptly after the foreclosure sale constitutes an act of conversion and theft.

61.     Defendants took Plaintiffs' property without Plaintiffs' consent.

62.     Defendants' continued control of Plaintiffs' property constitutes conversion as well as theft.

63.     Plaintiffs have been damaged as a direct and proximate result of Defendants' actions.

## COUNT III – VIOLATION OF SUBSTANTIVE DUE PROCESS

64.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

65.     Pursuant to the Fourteenth Amendment, Plaintiffs are entitled to substantive due process.

66.     Defendants taking of Plaintiffs' property and conversion of same to their own use deprived Plaintiffs of substantive due process.

67.     Defendants taking of Plaintiffs' property and refusal to return same even after the Michigan Supreme Court's *Rafaeli* decision, are arbitrary and shocks the conscience.

68.     Plaintiffs have been damaged as a direct and proximate result of Defendants' violations.

## COUNT IV – VIOLATION OF PROCEDURAL DUE PROCESS

69.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

70.     Pursuant to the Fourteenth Amendment, Plaintiffs are entitled to procedural due process.

71.     Defendants have provided no method or procedure for Plaintiffs to secure the return their property or obtain it from the Defendants.

72.     Defendants taking of Plaintiffs' property and appropriating same to their own use deprived Plaintiffs of procedural due process.

73.     Plaintiffs have been damaged as a direct and proximate result of Defendants' violations.

### COUNT V – VIOLATION OF FIFTH/FOURTEENTH AMENDMENT (CLAIM ARISING DIRECTLY UNDER THE FIFTH AMENDMENT)

74.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

75.     Plaintiffs make this claim directly under the Fifth Amendment.

76.     The Fourteenth Amendment has made the Fifth Amendment directly applicable to the States.

77.     The taking of Plaintiffs' property without just compensation is in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

78.     Plaintiffs are entitled to interest from the time of taking until payment as part of just compensation in accordance with Jacobs v United States, 290 US 13, 54 S Ct 26 (1933) and its progeny.

### COUNT VI – VIOLATION OF FIFTH/FOURTEENTH AMENDMENT (42 USC § 1983)

79.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

80.     The taking of Plaintiffs' property by Defendants also violated, and continues to violate, 42 USC § 1983 and 42 USC § 1988.

81.     Plaintiffs have been injured and suffered damages by Defendants' acts and actions and Plaintiffs are entitled to the relief provided in 42 USC § 1983 and 42 USC § 1988.

11

## COUNT VIII – UNJUST ENRICHMENT

### (alternative count for relief)

82.     Plaintiffs incorporate the allegations contained in all preceding paragraphs.

83.     Defendants have been unjustly enriched by their taking of Plaintiffs' property.

84.     Plaintiffs do not have an adequate remedy at law.

85.     It is inequitable for Defendants to retain Plaintiffs' property and the benefits it has obtained from retaining Plaintiffs' property.

WHEREFORE, Plaintiffs and the class members pray that this Court grant the following relief:

a.     Enter an order certifying this case as a class action;

b.     Enter an Order declaring that the Defendants actions and conduct violated the United States Constitution and the Michigan Constitution;

c.     Determine that Plaintiffs and class members are entitled to Surplus Proceeds;

d.     Determine that Plaintiffs and class members are entitled to all interest or investment income earned while the Surplus Proceeds have been retained;

e.     Enter judgment in favor of Plaintiffs and class members and against Defendants for the Surplus Proceeds;

f.     Award Plaintiffs and class members interest on their money at five percent from the date of sale until entry of Judgment;

g.     Award Plaintiffs cost and attorney fees as well as interest from the date of Judgment until paid; and

h.     Grant such further relief as is agreeable to equity and good conscience.

VISSER AND ASSOCIATES, PLLC,

Dated: December _18_, 2020

Donald R. Visser (P27961)
Donovan J. Visser (P70847)
Brittany Dzuris (P81438)
*Counsel for Plaintiffs*

# EXHIBIT 1

| NAME | PROPERTY ADDRESS | PARCEL NO. | MINIMUM BID | SALE PRICE | SURPLUS PROCEEDS |
|---|---|---|---|---|---|
| Bruce L. Corwin & Sandra J. Corwin | 3441 37 ½ St. Gobles, MI | 80-05-002-002-47 | $3,500.00 | $25,750.00 | $22,250.00 |
|  | 38721 82nd Ave. Decatur, MI | 80-08-015-017-00 | $3,600.00 | $11,500.00 | $7,900.00 |
| George H. Newell | 73377 CR 378 Covert, MI | 80-07-011-021-00 | $3,900.00 | $14,250.00 | $10,350.00 |
| Jacquline Thompson | 5879  68th St South Haven, MI | 80-09-008-011-20 | $2,400.00 | $20,000.00 | $17,600.00 |

# EXHIBIT 2



# VISSER AND ASSOCIATES, PLLC

LEGAL AND MEDIATION SERVICES
2480 - 44TH STREET, S.E. — SUITE 150
KENTWOOD, MICHIGAN 49512
Telephone: (616) 531-9860
Facsimile: (616) 531-9870

December 3, 2020

Trisha Nesbitt
Van Buren County Treasurer
219 Paw Paw St., Ste. 101
Paw Paw, MI 49079-1499

      **Re:**    **Bruce & Sandra Corwin**
                **3441 – 37 ½ St., Gobles, MI  ($22,250.00)**
                **38721 – 82nd St., Decatur, MI ($7,900.00)**
                **2018 Tax Sale Amount Owed $30,150.00**
                **Our File No.  20-628**

Dear Ms. Nesbitt:

Our office represents Bruce & Sandra Corwin in regard to the foreclosure of property at two different locations:  3441 – 37 ½ Street, Gobles, MI and 38721 – 82nd Street, Decatur, MI in 2018 for delinquent property taxes pursuant to the General Property Tax Act.  Our investigation has indicated that a total of $30,150.00 in surplus funds from the sale of both properties is owed to our client.  That money belongs to the property owner as determined by the Michigan Supreme Court in *Rafaeli v County of Oakland*.

Demand is hereby made for immediate payment of the amount due.  The purpose of this letter is to invite voluntary remittance of the surplusage without the necessity of our office filing suit.  In exchange for voluntary payment, we can offer waiver of a claim for interest on this past due amount.  Additionally, the County will be spared the attorney fees associated with litigation.  The important part is to realize that my clients are legally entitled to these funds and it is improper to retain the funds.  We are fully cognizant of the fact that until issuance of the *Rafaeli* decision, county treasurers, like yourself, may have retained the funds in good faith.  However, since the issuance of the *Rafaeli* decision, there is no basis for retaining the funds.  It will be our position that failure to promptly remit the funds constitutes conversion of funds belonging to my clients.

Thank you for your prompt attention to this matter.  This offer will remain open for two weeks from the date of this letter.  If our office is not in receipt of the payment by that date, we will feel at liberty to file suit at any time thereafter.

Please give this matter your immediate consideration.

                                Very truly yours,

                                  Donald R. Visser

DRV/lkr
Client

20-519

# VISSER AND ASSOCIATES, PLLC

LEGAL AND MEDIATION SERVICES

2480 - 44TH STREET, S.E. — SUITE 150
KENTWOOD, MICHIGAN 49512
Telephone: (616) 531-9860
Facsimile: (616) 531-9870

September 21, 2020

Ms. Trisha Nesbitt
Van Buren County Treasurer
219 E. Paw Paw Street, Suite 101
Paw Paw, MI 49079

Re:   73377 CR 378, Covert, MI
      2019 Tax Sale Amount Owed $14,250

Dear Ms. Nesbitt:

Our office represents George H. Newell in regard to the foreclosure of property at 73377 **CR 378, Covert, MI** in 2018 for delinquent property taxes pursuant to the General Property Tax Act. Our investigation has indicated that $14,250.00 in surplus funds from the sale of that property is owed to our client. That money belongs to the property owner as determine by the Michigan Supreme Court in *Rafaeli v County of Oakland.*

Demand is hereby made for immediate payment of the amount due. The purpose of this letter is to invite voluntary remittance of the surplusage without the necessity of our office filing suit. In exchange for voluntary payment, we can offer waiver of a claim for interest on this past due amount. Additionally, the County will be spared the attorney fees associated with litigation. The important part is to realize that my clients are legally entitled to these funds and it is improper to retain the funds. We are fully cognizant of the fact that until issuance of the *Rafaeli* decision, county treasurers, like yourself, may have retained the funds in good faith. However, since the issuance of the *Rafaeli* decision, there is no basis for retaining the funds. It will be our position that failure to promptly remit the funds constitutes conversion of funds belonging to my clients.

Thank you for your prompt attention to this matter. This offer will remain open for two weeks from the date of this letter. If our office is not in receipt of the payment by that date, we will feel at liberty to file suit at any time thereafter.

Please give this matter your immediate consideration.

Very truly yours,

Donald R. Visser

DRV/
Client

**TRUE COPY**

DEC 21 2020

Van Buren County Clerk

```
                                                                    Page   1

VAN BUREN COUNTY CLERK                        Court:  C 36  80
212 PAW PAW STREET - SUITE 101                Printer:  PRT25
PAW PAW, MI  49079                                            VAB
269/657-8200                           Receipt No.:    357120
                                       Receipt Date: 12/21/2020
       Case: 2020 0000070659 CZ CORWIN V VAN BUREN COUNTY
            Paid By: VISSER & ASSOC

                                                            Amount
CFFA CIVIL FILING FEE                                       150.00
ELEF ELECTRONIC FILING SYSTEM FEE                           25.00

                                        Total:           175.00
     Tendered: CHECK 11278                      175.00
                           Total Tendered:      175.00
                                  Change:          .00
```

RECEIVED DEC 24 2020